```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -X
                                    :
MACATRA BV,                         :    08 Civ. 07111 (LAP)
                                    :
                Plaintiff,          :    MEMORANDUM & ORDER
                                    :
        v.                          :
                                    :
DESTINY NAVIGATION, et al.          :
                                    :
                Defendants.         :
                                    :
- - - - - - - - - - - - - - - - - -X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/28/09

LORETTA A. PRESKA, Chief United States District Judge:

By Order dated December 10, 2009 (the "December 10 Order"), this Court denied Plaintiff's motion for partial default judgment, vacated the August 12, 2008 and August 13, 2008 Maritime Attachments and Garnishments (the "August Attachments"), and ordered Plaintiff to show cause why the action should not be dismissed for lack of personal jurisdiction. By letter dated December 18, 2009, Plaintiff requested that the Court reconsider the December 10 Order. This Court construed Plaintiff's December 18 letter as a motion for reconsideration, directed non-party Corporación Nacional del Cobre de Chile ("Codelco") to file a response by letter brief, and ordered Plaintiff to file a reply by letter brief. For the reasons set forth below, the December 10 Order [dkt. no. 51] is vacated.

In its letter briefs, Plaintiff argues that the attached funds in question were not moved through New York via an Electronic Funds Transfer ("EFT"), which would implicate the Court of Appeals' recent decisions in Shipping Corp. of India, Ltd. v. Jaldhi Overseas Pte Ltd., No. 08-3477, No. 08-3758, 2009 WL 3319675 (2d Cir. Oct. 16, 2009) and Hawknet, Ltd. v. Overseas Shipping Agencies, No. 09-2128, 2009 WL 3790654 (2d Cir. Nov. 13, 2009), but were in fact attached in New York because the funds were in Codelco's New York Citibank account. Codelco has put forth no evidence indicating that the funds attached were EFTs. Therefore, in light of the new information that the attached funds were attached in New York in the originating bank account, Jaldhi does not apply, and the attachments should not have been vacated. See Allied Maritime Inc. v. Descatrade SA, No. 09 cv. 3684 (SAS), 2009 WL 4884160, at *1 (S.D.N.Y. Dec. 16, 2009) (noting that if the bank where the funds were attached "[were] the originator's bank, then [Jaldhi] would not apply"). Accordingly, this Court has jurisdiction to maintain this action, and the August Attachments should remain in effect.

Additionally, Plaintiff is correct that the funds attached at Deutsche Bank should not be released, as no party in interest has made any motion to vacate the attachment restraining those funds.

Accordingly, it is hereby

ORDERED that Plaintiff's motion for reconsideration [dkt. no. 52] is granted.

ORDERED that the December 10, 2009 Order is vacated.

The parties shall confer and inform this Court by letter no later than January 8, 2010 how they propose to proceed.

SO ORDERED.

Dated: New York, New York
       December 23, 2009

_____
LORETTA A. PRESKA, CHIEF U.S.D.J.